# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (at Dayton)

| | | |
|---|---|---|
| **MCMANUS & ASSOCIATES, LLC,** <br> 6096 Millbrook Drive <br> Dayton, Ohio 45459 <br><br> and <br><br> **WILLIAM MCMANUS,** <br> 6096 Millbrook Drive <br> Dayton, Ohio 45459 <br><br> Plaintiffs, <br><br> vs. <br><br> **CITY OF CENTERVILLE,** <br> c/o Law Director <br> 100 West Spring Valley Road <br> Centerville, Ohio 45458 <br><br> and <br><br> **IAN VANNESS, City Planner** <br> c/o Law Director <br> City of Centerville, Ohio <br> 100 West Spring Valley Road <br> Centerville, Ohio 45458 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **CASE NO. 3:25-cv-35** <br> Judge <br> Magistrate Judge <br><br><br><br><br><br><br><br><br><br> **COMPLAINT** |

Plaintiffs, McManus & Associates, LLC and William McManus, by and through counsel, as their Complaint against the Defendant named herein, states as follows:

## DESCRIPTION OF PARTIES

1. Plaintiff, William McManus, at all times relevant to the Complaint was a citizen and resident of the United States of America, and the State of Ohio, County of Montgomery, in the jurisdiction and venue of this Court, this District, and this Division.

2. Plaintiff, McManus & Associates, LLC, at all times relevant to the Complaint was a limited liability company duly organized under the law of the State of Ohio, and has a domicile, does business in, engaged in activity in, and/or has property relevant to the claims in this case, in the jurisdiction and venue of this Court, this District, and this Division; and whose sole member and owner is Plaintiff William McManus.

3. Defendant City of Centerville, Ohio ("City of Centerville") is an Ohio municipality in Mongomery County, Ohio.

4. Defendant Ian Vanness is an individual and is employed by the Defendant City of Centerville as a City Planner, and charged with, responsible for, and entitled to enforcement of City Codes, including enforcement of City Codes relating to property use; and is named individually and in his official capacity.

## DESCRIPTION OF JURISDICTION

5. Plaintiffs reiterate all prior allegations as if restated herein.

6. This matter presents a question of federal law and application of federal law, including Plaintiffs' rights under the United States Constitution and/or other federal and also state laws; and is brought against the Defendant, which has either taken action that adversely affects Plaintiffs, and/or has refused to take action that it is obligated to take; and Plaintiffs in this action seek all appropriate relief to Plaintiffs as provided by and under any and all other applicable provisions of both Federal and State law, and/or within this Court's supplemental jurisdiction, for the requested relief.

7. This is an action for declaratory judgment, preliminary and permanent injunction, pursuant to Title 42 U.S.C. Section 1983 and/or 1988, arising from Defendant's unconstitutional official conduct, policies, practices, regulations, restrictions, threats, intimidation, and/or

harassment of Plaintiffs and others due to their lawful use of and exercise of their constitutionally protected property rights.

8. Jurisdiction is upon this Court by virtue of Title 28 U.S.C. Section 1331 and/or 1343, and venue of this action is proper under Title 28 U.S.C. 1391; Title 28 U.S.C. Section 2201(a) (for declaratory relief); Title 28 U.S.C. Section 2202 (injunctive relief); Title 28 U.S.C. Section 1367 (supplemental jurisdiction over State claims); and/or under other provisions of federal law.

## FACTS RELEVANT TO THIS CASE

9. Plaintiffs reiterate all prior allegations as if restated herein.

10. Plaintiffs are owners of residential real estate located at and known as 135 Devay Avenue, and within the municipal jurisdiction of the Defendant, City of Centerville, Montgomery County, Ohio (and hereinafter referred to as the Premises).

11. At all times relevant hereto, and for a substantial period of time prior to April 15, 2024, Plaintiffs used the premises for rental purposes, including what is commonly referred to as "short term rentals," being rentals of less that one full year or sometimes less than a full month.

12. On or about April 15, 2024, the Defendant City of Centerville passed its Ordinance No. 08-24, which amends three sections of the City's Unified Development Ordinance (UDO), at Article 3.13(H), Table 9.1 of Article 9.05, and Article 11.02 (the Ordinance); and which by its terms *prohibits entirely* property owners outside of a single designated district within the City from renting their real estate for 29 days or less, but does not prohibit owners inside that district at all, and does not prohibit owners from renting the same property to the same persons *for 30 days or more*; and said Ordinance becoming effective April 15, 2025; and further makes Plaintiffs' pre-existing use of the Premises unlawful, and subject to

3

civil and criminal sanctions and penalties.

13. While Ohio cities may maintain latitude to regulate real property, that latitude is subject to constitutional limits.

14. Defendant ("the City") claims the authority to fine and take other civil and criminal actions against property owners outside of one designated district in the City who rent or lease private property to others for a period of less than 30 days ("STRs"), and unless, among other things, the owner's property is within a single permissible district in the City.

15. Plaintiffs' private property rights are fundamental rights pursuant to the Ohio and United States Constitutions, and Plaintiffs' right to harmlessly rent or lease their homes is threatened and deprived solely due to impermissibly vague and arbitrary prohibitions and their impermissible application to Plaintiffs.

16. Plaintiffs face an imminent risk of extensive daily fines and other civil and criminal sanctions and penalties, merely because they continue to exercise their longstanding rights to rent or lease their homes either outside of one permitted district or for periods of less than 30 days.

17. Due to Defendants' conduct, Plaintiffs face irreparable harm to their rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; Clause 3 of Section 8 of Article I of the United States Constitution; and/or Sections 1, 2, 16, 19, and 20 of Article I of the Ohio Constitution.

18. The asserted harm may only be remedied by an order enjoining enforcement of the subject Ordinance, as applied and on its face.

19. The City is a state actor and is a municipal corporation unprotected by sovereign immunity for the purposes of this action.

4

20. The actions of Defendant Vanness described herein were and will be taken pursuant to official conduct for the City and were and will be exercised under color of law.

21. At all times relevant to the allegations in this Complaint, each and all of the Defendants' acts alleged herein were undertaken while acting under the color of regulations, customs, usages, and policies of the City.

22. Defendant Vanness has undertaken specific action so as to deprive and/or violate the constitutional rights of the Plaintiffs, and in Defendant Vanness' individual capacity, and as part of Defendant Vanness' official duties and responsibilities as an employee or agent of the City, and in the official capacity of implementing a policy, practice or custom of the City.

23. All actions by the Defendants described herein were undertaken under color of state law and threaten to cause the deprivation of Plaintiffs' rights protected by the United States Constitution and the Ohio Constitution.

24. Plaintiffs' Premises have been rented or leased to others, or made available to do so, on a short-term basis, i.e. less than 30 days, and for many years predating the Ordinance; without causing any actionable or unlawful harm to anyone; and also for substantial beneficial income that could not be earned by any other comparable use of Plaintiffs' Premises; and Plaintiffs have invested and built substantial value to their Premises by its current and pre-existing use for rentals of less than 30 days, including substantial marketing and reputation; and by entering into contracts for same.

25. The Ordinance severely limits property owners' and Plaintiffs' rights and opportunities to rent, lease, and make beneficial use of their property in the City, and only for the term of rental, and/or for being outside of one designated district, that has no non-arbitrary or rational relation to the uses of the Premises.

26. The subject Ordinance does not serve a legitimate governmental interest, in completely prohibiting rental and leasing of property for 29 days when and where the exact same property could be rented or leased for the same purpose and to the same persons for 30 or more days, or in a geographic district marked only by a random boundary.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

## DECLARATORY JUDGMENT

27. Plaintiffs reiterate all prior allegations as if restated herein.

28. The Ordinance that is the subject of this case, and the Defendants' actions to enforce it, on its face and as applied to these Plaintiffs, are unlawful, and unlawfully deny to Plaintiffs due process of law, equal protection of the law, and deny Plaintiffs their property rights under the United States Constitution and the Ohio Constitution; and said Ordinance and Defendants' actions pursuant to it, are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and contrary to constitutional right, power, privilege, or immunity.

29. In order to prevent violation of Plaintiffs' constitutional rights by Defendants, it is appropriate and proper that a declaratory judgment be issued, pursuant to Fed. R. Civ. P. 57, Title 28 U.S.C. 2201(a), and/or O.R.C. 2721.03, declaring unconstitutional the Defendants' Ordinance, policies and practices challenged herein.

30. Pursuant to Title 28 U.S.C. Section 2202, and/or Fed. R. Civ. P. 65, it is appropriate and hereby requested that this Court issue preliminary and permanent injunctions prohibiting the Defendants from enforcing the Ordinance on its face and as applied to these Plaintiffs and Plaintiffs' Premises, in violation of Plaintiffs' Equal Protection, Due Process, Private Property, and other rights to the extent they are unconstitutional, in order to prevent the

violation of Plaintiffs' constitutional rights.

31. Plaintiffs request a judicial determination and declaration of their rights against Defendants as they pertain to Plaintiffs right to maintain and control their private property and exercise their rights.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF PLAINTIFFS' FEDERAL AND STATE CONSTITUTIONAL RIGHTS

32. Plaintiffs reiterate all prior allegations as if restated herein.

33. The Due Process Clause of the Fourteenth Amendment provides that "no State shall ... deprive any person of life, liberty, or property without due process of law."

34. Section 1, Article 1 of the Ohio Constitution provides that: "All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."

35. Section 19, Article I of the Ohio Constitution provides that: "Private property shall ever be held inviolate, but subservient to the public welfare."

36. The right of use, ownership, possession and enjoyment of property is a fundamental right protected by both the United States and Ohio Constitutions, and includes the rights to acquire, use, enjoy, and dispose of property.

37. Ohio property owners, including Plaintiffs, have a constitutionally protected property interest in renting and leasing their property, and free from unreasonable and arbitrary interference from the government, and is also a fundamental privilege of property ownership.

38. The Constitutional guarantees protect liberty and property interests including Plaintiffs' rights to lease property, free from arbitrary prohibition or restriction.

39. Restricting the use of one's property by renting it, including for less than 30 days at a time, including the use that predated the Ordinance, are in violation of Plaintiffs' federal and Ohio constitutional rights, including due process, equal protection, and protection of private property rights.

40. Citizens enjoy a substantive due process right not to be subjected to arbitrary or irrational property regulation decisions.

41. Plaintiffs have a constitutionally protected property interest in the Premises, and to the rental and leasing of it, including for less than 30 days.

42. Plaintiffs' historical and proposed continued use for the Premises, including for rental of less than 30 days, is an otherwise permitted and lawful use.

43. The actions of the Defendants alleged herein deprive the Plaintiffs of their constitutionally protected rights, by the arbitrary and capricious actions of these Defendants.

44. The deprivations are in violation of the Fifth and Fourteenth Amendment to the United States Constitution; are a taking of Plaintiffs' property and property rights, including without due process and without compensation and without equal protection of the laws; and entitle Plaintiffs to relief under Title 42 U.S.C. Section 1983; and in violation of Article I, Section 1 of the Ohio Constitution, and Article I, Section 16 of the Ohio Constitution.

45. As a direct and proximate result of these Defendants' acts, Plaintiffs have suffered and will suffer damages, by the risk and threat of denial of their use of their property.

46. Pursuant to Title 42 U.S.C. Section 1988, Plaintiffs are entitled to court costs and attorney's fees.

WHEREFORE Plaintiff demands judgment against the Defendants, and each of them, and jointly and severally as applicable, as follows:

1) Declaring that the Ordinance provisions, to the extent they prohibit Plaintiffs from renting their property for 30 days or less, and the penalties and sanctions therein for doing so, are unconstitutional on their face, unconstitutional as applied by Defendants, and and/or unconstitutional as applied to Plaintiffs and/or to Plaintiffs' Premises;

2) Issuing a preliminary and permanent injunction prohibiting Defendants from enforcing the Ordinance provisions to the extent they prohibit Plaintiffs from renting their property for 30 days or less, and the penalties and sanctions therein for doing so, and finding that doing so is unconstitutional on their face, unconstitutional as applied by Defendants, and and/or unconstitutional as applied to Plaintiffs and/or to Plaintiffs' Premises;

3) Awarding to Plaintiffs their costs, damages, and expenses incurred in bringing this action, including compensatory, punitive, and/or nominal damages and their reasonable attorneys' fees; and

4) Any and all other orders and judgments this court deems appropriate.

**THOMAS G. EAGLE CO., L.P.A.**

  */s/ Thomas G. Eagle*
**Thomas G. Eagle** (0034492)
Attorney for Plaintiffs
3400 N. State Rt. 741
Lebanon, Ohio 45036
P: (937) 743-2545
F: (937) 704-9826
Email: eaglelawoffice@cs.com