UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**McManus & Associates, LLC, *et al.*,**

   Plaintiffs,

v.

                 Case No. 3:25-cv-035
                 Judge Thomas M. Rose

**City of Centerville, Ohio, *et al.*,**

   Defendants.

---

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY (DOC. 16) GRANTING DEFENDANTS MOTION FOR JUDGEMENT ON THE PLEADINGS (DOC. 9) AND TERMINATING CASE**

---

  Pending before the Court are a motion by Defendants, the City of Centerville, Ohio, and Ian Vanness, to enter judgment on the pleadings as to all Plaintiffs' claims (Doc. 9.) and a motion by Plaintiffs, McManus & Associates LLC and William McManus for leave to file a sur-reply (Doc. 16). Before addressing the motion challenging the sufficiency of the pleadings, the Court will address the motion to file a sur-reply.

  Similar to other courts, in the Southern District of Ohio the "Local Rules do not contemplate or permit the filing of a sur-reply, and hence such filings are not permitted without first obtaining leave of the Court.... [G]enerally, such leave is only granted to address arguments

1

or evidence raised for the first time in a reply." *Smith v. United States*, 2021 WL 667115, *2 (E.D. Ky. 2021) (*citing Key v. Shelby County*, 551 Fed. Appx. 262, 265 (6th Cir. 2014)); *see also* § 1189 Close of the Pleadings, 5 Fed. Prac. & Proc. Civ. § 1189 (4th ed.). Plaintiffs seek permission to "address[] the points raised in the attached proffered sur-reply" and because of "'inflammatory rhetoric' contained in Defendants' reply." (*Id.* PageID 116.) This is not a proper basis for seeking permission to file a sur-reply. Plaintiffs' Motion for Leave to File Sur-Reply (Doc. 9) is **DENIED**.

**I.      Background**

Plaintiffs, McManus & Associates, LLC and William McManus, filed their action after the City of Centerville enacted Ordinance No. 08-24, which amends the City's Unified Development Ordinance at three sections: Article 3.13(H), Table 9.1 of Article 9.05, and Article 11.02.

The Ordinance allegedly prohibits property owners outside of a single designated district within the City from renting their real estate for periods of 29 days or less. (Doc.13, PageID 3.) Plaintiffs own residential real estate within the municipal jurisdiction of the Defendant, City of Centerville. (*Id.*) Property inside that district is allegedly not thus restricted. (Doc. 1, PageID 3.)

Plaintiffs allegedly rent their property for periods sometimes less than a full month. (*Id.*) Plaintiffs' property is allegedly not in the single permitted district in which the Ordinance allegedly allows rentals for periods of less than one month. Plaintiffs allege that the enactment of the Ordinance "threatens to cause the deprivation of Plaintiffs' rights protected by the United States Constitution and the Ohio Constitution." (*Id.*, PageID 5.)

On February 9, 2025, Plaintiffs filed an action with this Court asserting federal question jurisdiction under 28 U.S.C. § 1331. (*Id.*, PageID 3.) Plaintiffs' first claim for relief requests that

this Court issue preliminary and permanent injunctions prohibiting the Defendants from enforcing the Ordinance on its face and as applied to these Plaintiffs and Plaintiffs' Premises, in violation of Plaintiffs' Equal Protection, Due Process, and private property rights. (Doc. 1, PageID 7.) The Second claim for relief decries a violation of Plaintiffs' Due Process rights under the Fourteenth Amendment to the United States Constitution and Plaintiffs' rights under Section 19, Article I of the Ohio Constitution, providing that "Private property shall ever be held inviolate, but subservient to the public welfare."

Defendants' Federal Rule of Civil Procedure 12(c) Motion for Judgement on the Pleadings asserts, *inter alia*, that Plaintiffs' claims are not ripe for review, depriving the Court of jurisdiction over the matter. (Doc. 9, PageID 68.)

## II.	Standard
!
Rule 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pursuant to Rule 12(h)(2), a motion for judgment on the pleadings is analyzed using the same standard of review as a motion to dismiss under Rule 12(b)(6). *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio June 26, 2003); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). To survive a motion to dismiss under Rule 12(b)(6), a challenged pleading "must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint need not contain "detailed factual allegations," but must provide "more than an

3

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III.  Analysis

#### A.  Ripeness

The ripeness doctrine arises "both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs.*, 509 U.S. 43, 57 n.18 (1993); *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008) (*en banc*). "The ripeness doctrine not only depends on the finding of a case and controversy and hence jurisdiction under Article III, but it also requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances." *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985). When a claim is not ripe within the meaning of Article III a court lacks jurisdiction over the subject matter. *Id*.

A claim is unripe when "it rests upon contingent future events that may not occur as anticipated or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). In land-use cases, a claim will ripen when the government has adopted a "definitive position" as to "how the regulations at issue apply to the particular land in question." *Pakdel v. City & Cty of San Fran.*, 594 U.S. 474, 478 (2021). Plaintiffs in this case have alleged no facts suggesting that the City of Centerville has taken a "definitive position" as to how the Ordinance will be interpreted to apply to their allegedly prior, non-conforming use of the property.

"[A] claim does not become ripe at the first whiff of governmental insensitivity or whenever a government official takes an adverse legal position against someone, even if one potential response is to curtail protected activities. One justification for the ripeness doctrine is

4

that it avoids the premature resolution of constitutional questions….” *Miles Christi Religious Ord. v. Twp. of Northville*, 629 F.3d 533, 540 (6th Cir. 2010). A decision involving the application of ordinances is not final where the local zoning board was not presented with, nor given the opportunity to interpret, the regulations at issue in the first instance. *Id.* at 537.

The requirement that a plaintiff first obtain "a final, definitive decision from local zoning authorities ensures that federal review—should the occasion eventually arise—is premised on concrete and established facts and that all non-constitutional avenues of resolution have been explored first, perhaps obviating the need for judicial entanglement in constitutional disputes." *Insomnia Inc. v. City of Memphis, Tenn.*, 278 F. App'x 609, 615 (6th Cir. 2008) (citation and internal quotation marks omitted). Plaintiffs have not satisfied the finality requirement in this case, which is a prerequisite to litigation.

Plaintiffs counter that in other contexts, the constitutionality of a statute is ripe for review with more remote fears of prosecution. (Doc. 14, PageID 89-90.) Particularly, Plaintiffs assert that their request for Declaratory Judgement under 28 U.S.C. § 2201 is sufficiently ripe. This may be true and might be relevant if the instant case arose in a different context.

"[T]he central purpose of the Declaratory Judgment Act . . . is to provide the opportunity to clarify rights and legal relationships without waiting for an adversary to file suit." *Severe Records, LLC v. Rich*, 658 F.3d 571, 580 (6th Cir. 2011) (citations and quotations omitted, editing in original). The ripeness doctrine applies to declaratory judgment actions. "It is clear that the declaratory judgment procedure is available in the federal courts only in cases involving actual controversies and may not be used to obtain an advisory opinion in a controversy not yet arisen." *Marek v. Navient Corp.*, 2017 WL 32943, at *1 (N.D. Ohio Jan. 4, 2017) (quoting *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 116 (1947)).

When a party sues for declaratory relief, "he must satisfy the prerequisites of the Declaratory Judgment Act and Article III's standing baseline." *Saginaw County v. STAT Emergency Med. Servs., Inc.*, 946 F.3d 951, 954 (6th Cir. 2020). In particular, he must show "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)); *see Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 971 (6th Cir. 2009) (explaining that a declaratory judgment must "affect[ ] the behavior of the defendant towards the plaintiff" (quoting *Hewitt v. Helms*, 482 U.S. 755, 761 (1987))). The difference between an abstract question and a controversy suitable for judgment is largely a one of degree. *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

The Sixth Circuit considers several factors when deciding whether the issues presented pursuant to the Declaratory Judgment Act are ripe for review. *See United Steelworkers of America, Local 2116 v. Cyclops Corp.*, 860 F.2d 189, 194 (6th Cir. 1988). First is the hardship that "refusing to consider [Plaintiff's] prospective claims would impose upon the parties." *Id*. at 195. Second is the likelihood that the harm Plaintiffs allege "will ever come to pass." *Id*. at 194. Third is whether the factual record is developed enough for a fair adjudication on the merits of the parties' claims. *Id*. at 195.

In land use cases, the second factor, the likelihood that "a dispute that is likely to come to pass," is governed by the requirement that the local zoning board be presented with and given the opportunity to interpret, the regulations at issue in the first instance. *Miles Christi Religious Order*, 629 F.3d at 537. "[T]he Court has determined that it does not have subject matter jurisdiction over the declaratory judgment claim because Plaintiffs' allegations do not establish that they have completed the appeals process with regard to [a] zoning decision. As a result,

6

there is no final decision, and the declaratory judgment claim is unripe." *Farr v. Daling*, 684 F. Supp. 3d 1358, 1377-78 (N.D. Ga. 2023) (citation omitted); compare *Skilwies v. City of Huber Heights*, 689 F. Supp. 3d 540 (S.D. Ohio 2023) (challenging city's denial of his requests for re-zoning and use-variance and ordering him to cease and desist operating business on property).

## IV. Conclusion

In the absence of a case or controversy, the motion (Doc. 9) to dismiss is **GRANTED** and Plaintiffs' claims are dismissed without prejudice. The motion for leave to file a sur-reply (Doc. 16) is **DENIED**. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, August 18, 2025.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

7